**SIGNED THIS: February 29, 2012**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY M. CRANE and ) | Bankruptcy Case No. 11-90592 |
| MARSA S. CRANE, ) | |
| ) | |
| Debtors. ) | |
| | |
| JEFFREY D. RICHARDSON, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 11-9067 |
| ) | |
| THE GIFFORD STATE BANK, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court on cross Motions for Summary Judgment filed by the parties, the Court, having reviewed the record of this proceeding and the written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on March 31, 2011.

2. The Plaintiff, Jeffrey D. Richardson, serves as the Debtors' Chapter 7 Bankruptcy Trustee.

3. The Defendant, The Gifford State Bank, claims a valid mortgage lien on various parcels of real estate owned by the Debtors.

4. The instant adversary concerns two parcels of real estate owned by the Debtors located at 908 East Congress Avenue, Rantoul, Illinois, and 48 Gerald Road, Rantoul, Illinois. The mortgage on the East Congress Avenue property was executed by the Debtors on June 11, 2009, and recorded on June 12, 2009, in the Office of the Champaign County Recorder. The mortgage on the Gerald Road property was executed by the Debtors on September 29, 2004, and recorded in the Office of the Champaign County Recorder on October 5, 2004.

5. In his adversary complaint, the Plaintiff claims that both of the aforementioned mortgages are defective and subject to avoidance by the Plaintiff pursuant to 11 U.S.C. § 544, in that both mortgages fail to state the interest rate and the maturity date relative to the subject mortgages in violation of 765 ILCS 5/11.

6. The Plaintiff asserts that, while the subject mortgages are effective as between the Debtors and the Defendant, they fail to give constructive notice to subsequent bona fide purchasers and that the Plaintiff has the power to avoid said mortgages pursuant to the provisions of 11 U.S.C. § 544(a)(3).

7. While the Defendant admits the deficiencies claimed by the Plaintiff, it contends that the subject mortgages are sufficient under Illinois law to constitute constructive notice so as to bar avoidance of the liens by the Plaintiff.

Conclusions of Law

In considering the issue of avoidance raised by the Plaintiff in his Adversary Complaint and briefed by the parties, the Court finds that it concurs with the arguments advanced by the Plaintiff.  The requirements for a valid mortgage are controlled by State Law, in this case 765 ILCS 5/11, while the Plaintiff's avoidance powers are governed by the Bankruptcy Code, in particular at 11 U.S.C. § 544(a)(3).

Pursuant to 11 U.S.C. § 544(a)(3), the Bankruptcy Code grants to the trustee at the commencement of a bankruptcy case the hypothetical status, rights, and powers of a bona fide purchaser of real property who has perfected the transfer of real property from the debtor at the time of the bankruptcy filing.  The trustee is able to avoid any transfer of the debtor's property that the hypothetical bona fide purchaser could avoid "without regard to any knowledge of the trustee or any creditor." In re Pak Builders, 284 B.R. 650 (Bankr. C.D. Ill. 2002) quoting Caraway v. Sly, 222 Ill. 203, 78 N.E. 588 (1906).  Under the undisputed facts of the instant case, this Court must find that the Plaintiff, standing in the shoes of a bona fide purchaser, did not have constructive notice of the two mortgages at issue as a result of their failure to comply with the requirements of 765 ILCS 5/11.  The subject mortgages contained neither the maturity date nor the interest rate of the underlying debt.

This Court agrees with the position taken by Judge Schmetterer in the case of In re Berg, 387 B.R. 524 (Bankr. N.D. Ill. 2008), that the provisions of 765 ILCS 5/11 are not permissive, but are rather required in order for a mortgage to provide constructive notice to a bona fide purchaser or a trustee in bankruptcy.  This same logic was referred to by Judge Perkins in the case of In re Shara Manning Properties, 2010 Bankr. LEXIS 3688 (Bankr. C.D. Ill. 2010), wherein Judge Perkins held that, whether a particular third party or entity could avoid a mortgage depended on the type of notice which the particular person had or was charged with concerning the mortgage.  Judge Perkins found essentially three types of notice of an interest in real estate:

(1) actual notice, (2) inquiry notice, and (3) constructive notice. Concerning constructive notice, Judge Perkins held:

> The case law supports the proposition that constructive notice is a more particularized standard than that of actual knowledge. Section 11 of the Illinois Conveyances Act is best interpreted as creating a safe harbor for mortgagees. A mortgage that strictly complies with section 11's outline for form and content is "deemed" to be sufficient and valid as against the mortgagor and, once recorded, as to third parties for constructive notice purposes. A mortgagee who deviates from section 11 risks losing that "deemed" or automatic protection from challenges to the efficacy of its mortgage. But the risk that a defective mortgage will be judicially determined not to provide constructive notice to third parties is greater (much more commonly reported in published opinions) than the risk that a mortgage will be determined to be so deficient as to be void *ab initio*. This distinction reflects the fact that a mortgage instrument is a contract between mortgagor and mortgagee that is subject to the rule of liberal enforcement to effectuate the intended agreement, the meeting of the minds, of the contracting parties. (2010 Bankr. LEXIS 3688, p. 10)

It is clear from the reasoning of Judge Perkins in Shara Manning, supra, and Judge Schmetterer in Berg, supra, that a mortgage which describes all of the elements found in 765 ILCS 5/11, including the amount of the debt, its maturity date, and the underlying interest rate, is free from avoidance challenges from bona fide purchasers and from bankruptcy trustees. The same cannot be said when a mortgage does not describe all of those elements, as is found in the instant case. Under the undisputed facts of this case, this Court must find that the two mortgages at issue did not provide constructive notice to the Plaintiff as Chapter 7 Bankruptcy Trustee and, as a result, the mortgages are avoidable as to unsecured creditors pursuant to 11 U.S.C. § 544(a)(3) and that the real estate subject to the avoided mortgages should be preserved for the benefit of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 551.

###