SIGNED THIS: April 5, 2012

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY M. CRANE and ) | Bankruptcy Case No. 11-90592 |
| MARSA S. CRANE, ) | |
| ) | |
| Debtors. ) | |
| | |
| JEFFREY D. RICHARDSON, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 11-9067 |
| ) | |
| THE GIFFORD STATE BANK, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court on Gifford State Bank's Motion to Alter or Amend Summary Judgment Order, Plaintiff's Response to Defendant's Motion to Alter or Amend Summary Judgment Order, and Plaintiff's Motion to Strike Exhibits "E", "F" & "G" from Defendant's Motion to Alter or Amend Summary Judgment Order; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following

findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On February 29, 2012, this Court entered its Opinion and Order allowing Plaintiff's Motion for Summary Judgment avoiding two mortgages held by the Defendant against real estate owned by the Debtors, Gary M. Crane and Marsa S. Crane, under the authority of 11 U.S.C. § 544 and 765 ILCS 5/11. The Court found that the mortgages at issue failed to provide constructive notice to the Plaintiff as a hypothetical bona fide purchaser pursuant to the provisions of 11 U.S.C. §544(a)(3). The Defendant, Gifford State Bank, filed its Motion to Alter or Amend Summary Judgment Order on March 14, 2012, arguing that this Court's Opinion and Order of February 29, 2012, was in error in that it: (a) incorrectly concluded that the mortgages failed to comply with the Illinois Conveyances Act; (b) the cited <u>Berg</u> and <u>Shara Manning</u> cases do not support avoidance under the facts of the instant case; and (c) avoidance would conflict with the widespread and well established standards for Illinois mortgages. In support of its argument, the Defendant attached various exhibits to its motion, including exhibits "E", "F", and "G", which the Plaintiff has moved to strike.

In considering the Plaintiff's Motion to Strike Exhibits "E", "F" & "G" from Gifford State Bank's Motion to Alter or Amend Summary Judgment Order, the Court finds that this matter is governed by Rule 59(e) of the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 59(e), the Court finds that the Plaintiff's Motion to Strike Exhibits is well taken. The materials sought to be included for this Court's consideration of the Gifford State Bank's Motion to Alter or Amend Summary Judgment Order were not a part of the record when this Court considered the parties' Motions for Summary Judgment in entering its Opinion and Order of February 29, 2012. While Rule 59(e) does allow a party to direct a Court's attention to newly discovered material evidence or a manifest error of law or fact, the rule does not provide a vehicle for a party to undo its own procedural failures and does not allow a party to introduce new evidence or advance arguments

that could and should have been presented to the Court prior to judgment. See: Moro v. Shell Oil Co., 91 F.3d 872, at 876 (7th Cir. 1996). It is clear from the record of these proceedings that the evidence contained in Exhibits "E", "F" and "G" attached to Gifford State Bank's Motion to Alter or Amend Summary Judgment Order is not new evidence, but it is rather evidence that could and should have been presented to this Court prior to its ruling of February 29, 2012. As a result, the Court finds that the Plaintiff's Motion to Strike Exhibits "E", "F" & "G" from Defendant's Motion to Alter or Amend Summary Judgment Order must be allowed.

In considering the arguments advanced in Gifford State Bank's Motion to Alter or Amend Summary Judgment Order and the Plaintiff's Response to Defendant's Motion to Alter or Amend Summary Judgment Order, the Court finds that the Defendant's argument that its mortgages were in compliance with industry standards is an argument that is being improperly advanced at the present time in that it is clearly an argument that could have been made at the time this Court was ruling on the parties' Motions for Summary Judgment and that the exhibit "G" submitted in support of this argument cannot be considered by the Court. See: Moro v. Shell Oil Co., supra, at 876. This Court further concludes that the arguments advanced in Plaintiff's Response to Defendant's Motion to Alter or Amend Summary Judgment Order are supported by the case law and that no new argument has been advanced on behalf of the Defendant which would convince this Court that the mortgages at issue gave constructive notice to the bankruptcy Trustee as a hypothetical bona fide purchaser pursuant to the provisions of 11 U.S.C. § 544(a)(3). Thus, the Court finds that, based upon the evidence properly before it and the arguments advanced by the parties, Gifford State Bank's Motion to Alter or Amend Summary Judgment Order must be denied.

###